```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| TRAYCE WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-02909-SHM-egb |
| | ) |
| DELTA MEDICAL CENTER-ACADIA, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated July 10, 2017 (the "Report"). (ECF No. 20.) The Report recommends that the Court grant the Motion to Dismiss filed by Defendant Delta Medical Center – Memphis, LLC ("Delta") on February 14, 2017 (ECF No. 13).[1] Plaintiff Trayce Walker has not filed any objections to the Report, and the deadline for doing so has passed. L.R. 72.1(g)(2).

For the following reasons, the Report is ADOPTED and Delta's Motion to Dismiss is GRANTED.

---

[1] Delta represents that it is misidentified as "Delta Medical Center-Acadia" in the complaint. (ECF No. 13 at 1.)

## I. BACKGROUND

On November 17, 2016, Walker filed a *pro se* complaint against Delta, asserting employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., disability discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, slander, and "personal vendetta." (ECF No. 1.)

On February 14, 2017, Delta filed the Motion to Dismiss. (ECF No. 13.) On March 9, 2017, Walker filed a "Motion for Extension to Obtain Attorney" requesting a 30-day extension in which to obtain counsel. (ECF No. 16.) On March 10, 2017, the Court construed Walker's motion as a motion for an extension of time to file a response to Delta's Motion to Dismiss and granted the motion. (ECF No. 17 at 1-2.) The Court gave Walker until April 14, 2017, to hire an attorney and file a response to the Motion to Dismiss. (Id. at 2.) The Court instructed, "For purposes of clarification, Walker must respond by April 14, 2017, regardless of whether or not she is able to obtain representation." (Id.) The Court added, "Should Walker fail to respond, the Court will consider whether the case should be dismissed for failure to state a claim solely on the basis of the arguments in Delta's motion." (Id.)

2

On April 5, 2017, Walker filed a "Motion to Submit Appeal Tribunal Decision on Doris Dickerson and request that she be valid witness to testify on behalf of Plaintiff" (the "April 5 Motion"). (ECF No. 18.) Walker's April 5 Motion asks the Court to take notice of an Appeals Tribunal decision by the Tennessee Department of Labor and Workforce Development and asks the Court to take various actions. (Id.; see ECF No. 18-1.) Walker's April 5 Motion does not respond to Delta's Motion to Dismiss.

On July 10, 2017, the Magistrate Judge entered the Report. The Report notes that Walker has failed to respond to the Motion to Dismiss. (ECF No. 20 at 1.) The Magistrate Judge decided that (1) the Court lacks jurisdiction over Walker's retaliation claims because she has failed to exhaust her administrative remedies, (2) Walker's slander claim is time barred, and (3) Walker's remaining claims should be dismissed for failure to state a claim on which relief can be granted. (Id. at 3-7.) The Magistrate Judge recommends that the Court grant Delta's Motion to Dismiss and dismiss Walker's complaint with prejudice. (Id. at 7.)

**II. ANALYSIS**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United

3

States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Walker has not objected to the Report. Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED and Delta's Motion to Dismiss is GRANTED. The April 5 Motion is DENIED as moot. Walker's complaint against Delta is DISMISSED with prejudice.

So ordered this 9th day of August, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE